**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | Case No.: 2:16-cr-00242-GMN-CWH-4 |
| vs. | ) | |
| | ) | **ORDER** |
| JOSE UGARTE, | ) | |
| | ) | |
| Petitioner/Defendant. | ) | |

Pending before the Court is Petitioner Jose Ugarte's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 148). The Government filed a Response, (ECF No. 151), and Petitioner did not file a reply.

Also pending before the Court are Petitioner's Motion to Transfer, (ECF No. 145), and Motion for Order regarding the Motion to Transfer, (ECF No. 154). The Government did not respond to either Motion.

For the reasons discussed below, Petitioner's 2255 Motion is **GRANTED in part** and **DENIED in part**. Petitioner's Motion to Transfer is **DENIED**.

**I.    BACKGROUND**

On April 20, 2015, Petitioner participated in an armed bank robbery in Las Vegas, Nevada. (*See* Plea Agreement 4:8–5:8). About a year later, Petitioner and one of his co-defendants planned to carry out another armed robbery, but they were apprehended prior to its execution. (*Id.* 5:9–15).

On May 19, 2016, the State of Nevada charged Petitioner with crimes relating to both the 2015 robbery and the 2016 attempted robbery in Case No. C-16-315046. (*See* State Docket, Ex. 1 to Resp. to 2255 Mot., ECF No. 151). On August 3, 2016, a federal grand jury returned the Indictment charging Petitioner and three co-defendants with Conspiracy to Interfere with

Commerce by Robbery in violation of 18 U.S.C. § 1951(a) based on the same conduct for which Petitioner was charged in the state case. (*See* Indictment, ECF No. 1). On August 12, 2016, the United States Marshalls brought Petitioner into federal custody on a writ of habeas corpus ad prosequendum. (*See* Writ of Habeas Corpus Ad Prosequendum, ECF No. 10).

On April 21, 2017, Petitioner pleaded guilty to the one count in the Indictment and admitted to his involvement in the 2015 robbery and 2016 attempted robbery. (Plea Agreement 3:22–5:22). Petitioner and the Government agreed to recommend his state and federal sentences run concurrently. (*Id.* 10:3–5). The Government represents that, "counsel for the Government's recollection is that the parties intended for Ugarte to receive a fully concurrent sentence (i.e., that Ugarte, who was in federal custody on a writ, receive credit toward his federal sentence back to the date of his state arrest)." (Resp. to 2255 Mot. 2:23–3:2).

On November 17, 2017, the Court sentenced Petitioner to 60 months in custody to run concurrently to his anticipated state sentence. (*See* Judgement at 2, ECF No. 172). Petitioner was then returned to state custody, and he was sentenced on the state charges twelve days later. (*See* State Docket, Ex. 1 to Resp. to 2255 Mot.).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] district court may deny a

Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

### III. <u>DISCUSSION</u>

The Court's below discussion addresses each of Petitioner's claims for relief in turn.

#### a. 2255

In his 2255 Motion, Petitioner asserts two grounds for the Court to vacate, set aside, or correct his sentence. First, he argues that he has been denied his Fourteenth Amendment right to due process because he did not receive credit for time served between his initial federal detention and his sentencing. (2255 Mot. at 5). Second, he argues that he received ineffective assistance of counsel because his attorney failed to raise the argument at his sentencing that he should receive credit for time served. (*Id.* at 6). Neither argument supports ordering 2255 relief.

Under federal law, a sentence does not "commence" until the date of sentencing. *See Schleining v. Thomas*, 642 F.3d 1242, 1248 (9th Cir. 2011) ("Because a prisoner can receive GCT credit only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court, [defendant] is not eligible for GCT credit for the 21 months he spent in state custody . . . before imposition of his federal sentence."). Additionally, the Bureau of Prisons ("BOP") cannot credit a defendant with time served on his federal sentence for time in which he is incarcerated in a state facility on state charges. *See* 18 U.S.C. § 3585(b). When a defendant is housed in a federal facility after execution of a writ of habeas corpus ad prosequendum, the Petitioner technically remains in

state custody. *Schleining*, 642 F.3d at 1243 n.1 ("despite his brief transfer to the BOP's custody pursuant to a writ of habeas corpus ad prosequendum, [defendant] was in 'state custody' for the 21-month period from his state arrest . . . to his sentencing in federal court . . . .").

Petitioner was in state custody after his arrest, and he appeared in federal court pursuant to a writ of habeas corpus ad prosequendum. (*See* Writ of Habeas Corpus Ad Prosequendum, ECF No. 10). The BOP therefore could not give Petitioner credit for time served from the time of Petitioner's arrest to his sentencing because he technically remained in state custody. Therefore, neither Petitioner's right to due process of law nor his right to counsel were violated through the alleged miscalculation of his federal prison term.

### b. Resentencing

The Government argues that, while Petitioner's claims for habeas relief should be denied on the merits because his constitutional rights have not been violated, it "will not oppose an order from this Court granting in part Ugarte's § 2255 motion, vacating his sentence, and entering an amended judgment sentencing Ugarte to 42 months of imprisonment, with all remaining aspects of the sentence to remain the same." (Resp. to 2255 Mot. 7:1–7, ECF No. 151). In its Response to Petitioner's 2255 Motion, the Government concedes that the "the parties intended to give [Petitioner] full credit for his time in custody" because his state and federal convictions "are based on essentially entirely the same conduct." (*Id.*). Accordingly, the Government represents that that Court should, in the interest of justice, reduce Petitioner's sentence from 60 months to 42 months because he served 18 months in state custody prior to his federal sentencing. (*Id.* 6:4–7:16). The Court agrees and therefore vacates and modifies the Judgment only to the extent that Petitioner's sentence shall be for 42 months imprisonment from the date of his federal sentencing.

//

//

### c. Transfer

Petitioner moves this Court to transfer him to a federal facility in New York pursuant to its recommendation to the Bureau of Prisons. (*See* Motions to Transfer, ECF Nos. 145, 154). The Court does not have the ability to order the requested transfer from state to federal custody. While the Court did recommend to the Bureau of Prisons that Petitioner be housed in a facility in New York, (*see* Judgment at 2, ECF No. 122), the recommendation is only effective for any time Petitioner serves in a BOP facility after the completion of his state sentence. Therefore, the Court denies Petitioner's Motions to Transfer.

### d. Certificate of Appealability

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore **DENIES** Petitioner a certificate of appealability.

//

//

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 148), is **GRANTED in part** and **DENIED in part**. The Court **DENIES** Petitioner's claims for relief under 28 U.S.C. § 2255. However, in the interest of justice and to effectuate the parties' intended Settlement Agreement, the Court **VACATES** and **AMENDS** the Judgment, (ECF No. 122). The Court now sentences Petitioner to 42 months imprisonment, beginning from the date of his federal sentencing, November 17, 2017. The remaining conditions of the Judgment shall remain unchanged.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Transport of Prisoner, (ECF No. 145), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order regarding the Motion for Transport of Prisoner, (ECF No. 154), is **DENIED as moot**.

**DATED** this __23__ day of December, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court